❑ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

1. **Debtor's name**

   LATAM Airlines Ecuador S.A.

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

   LAN Ecuador

   LATAM Airlines Ecuador

3. **Debtor's federal Employer Identification Number (EIN)**

   9 8 – 0 3 8 3 6 7 7

4. **Debtor's address**

   | Principal place of business | Mailing address, if different from principal place of business |
   |---|---|
   | Conector Alpachaca S/N Edificio | |
   | Number   Street | Number    Street |
   | Quito Airport Center | |
   | | P.O. Box |
   | Quito      Ecudaor | |
   | City      State    ZIP Code | City      State    ZIP Code |
   | | **Location of principal assets, if different from principal place of business** |
   | County | Number    Street |
   | | City      State    ZIP Code |

5. **Debtor's website** (URL)

   www.latam.com

Debtor    <u>LATAM Airlines Ecuador S.A.</u>
<br>Name
       Case number (*if known*)_____

**6. Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

<u>4</u>   <u>8</u>   <u>1</u>   <u>1</u>

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check **all** that apply*:

     ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

     ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

     ☐ A plan is being filed with this petition.

     ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

     ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

     ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

| | | |
|---|---|---|
| 9. | **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**<br><br>If more than 2 cases, attach a separate list. | ☑ No |

☐ Yes.  District _____  When _____  Case number _____
                                        MM / DD / YYYY

         District _____  When _____  Case number _____
                                        MM / DD / YYYY

| | | |
|---|---|---|
| 10. | **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**<br><br>List all cases. If more than 1, attach a separate list. | ☐ No<br>☑ Yes. |

         Debtor   <u>See attached Schedule 1</u>        Relationship  <u>Affiliate</u>
         District  <u>Southern District of New York</u>   When  <u>Date hereof</u>
                                                                MM / DD / YYYY
         Case number, if known  _____

| | |
|---|---|
| 11. | **Why is the case filed in *this district*?** |

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

| | |
|---|---|
| 12. | **Does the debtor own or have possession of any real property or personal property that needs immediate attention?** |

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                          Number        Street

_____

_____
City                              State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

| 13. | **Debtor's estimation of available funds** | *Check one:* |
|---|---|---|

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

| 14. | **Estimated number of creditors** | | | |
|---|---|---|---|---|
| | (on a consolidated basis) | ☐ 1-49<br>☐ 50-99<br>☐ 100-199<br>☐ 200-999 | ☐ 1,000-5,000<br>☐ 5,001-10,000<br>☐ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☑ More than 100,000 |

| 15. | **Estimated assets** | | | |
|---|---|---|---|---|
| | (on a consolidated basis) | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☑ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

| 16. | **Estimated liabilities** | | | |
|---|---|---|---|---|
| | (on a consolidated basis) | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☑ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

| 17. | **Declaration and signature of authorized representative of debtor** | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. |
|---|---|---|

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   05/26/2020
             MM  / DD / YYYY

✘ _____          Ramiro Alfonsín Balza
Signature of authorized representative of debtor          Printed name

Title   Authorized Signatory

**18. Signature of attorney**

✗    <u>/s/ Lisa M. Schweitzer</u>      Date   <u>05/26/2020</u>

Signature of attorney for debtor        MM   / DD   / YYYY

<u>Lisa M. Schweitzer</u>
Printed name

<u>Cleary Gottlieb Steen & Hamilton</u>
Firm name

<u>One Liberty Plaza</u>
Number      Street

<u>New York</u>      <u>NY</u>      <u>10006</u>
City      State      ZIP Code

<u>(212) 225-2641</u>      <u>lschweitzer@cgsh.com</u>
Contact phone      Email address

<u>2837722</u>      <u>NY</u>
Bar number      State

## SCHEDULE 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors"), filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York. The Debtors have moved for joint administration of these cases for procedural purposes only under the case number assigned to the chapter 11 case of LATAM Airlines Group S.A.

1. LATAM Airlines Group S.A.

2. Lan Cargo S.A.

3. Transporte Aéreo S.A.

4. Inversiones Lan S.A.

5. Lan Pax Group S.A.

6. Fast Air Almacenes de Carga S.A.

7. LATAM Travel Chile II S.A.

8. Technical Training LATAM S.A.

9. Lan Cargo Inversiones S.A.

10. Holdco Colombia I SpA

11. Holdco Colombia II SpA

12. Línea Aérea Carguera de Colombia S.A.

13. Aerovías de Integración Regional S.A.

14. Holdco Ecuador S.A.

15. LATAM Finance Ltd.

16. Peuco Finance Ltd.

17. LATAM Airlines Perú

18. Inversiones Aéreas S.A.

19. Mas Investment Ltd.

20. Lan Cargo Overseas Ltd.

21. LATAM Airlines Ecuador S.A.

22. Professional Airline Cargo Services, LLC

23. Cargo Handling Airport Services, LLC

24. Connecta Corporation

25. Prime Airport Services Inc.

26. Maintenance Service Experts, LLC

27. Lan Cargo Repair Station LLC

28. Professional Airline Maintenance Services LLC

29. Professional Airlines Services Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| LATAM Airlines Ecuador S.A., | Case No.: 20-(___) |
| Debtor. | Joint Administration Pending |

## CORPORATE OWNERSHIP STATEMENT PURSUANT
## TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007 AND 7007.1

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy

Procedure, the following are corporations, other than a governmental unit, that directly or

indirectly own 10% or more of any class of the Debtor's equity interests:

| Shareholder | Approximate Percentage of Equity Interest Held |
|---|---|
| Holdco Ecuador S.A. | 45% |
| Lan Pax Group S.A. | 55% |
| LATAM Airlines Group S.A. | Holds 100% of the equity interest of Holdco Ecuador S.A. and 99.83% of the equity interest of Lan Pax Group S.A. |
| Delta Air Lines, Inc. | Holds 19.99% of the equity interest of LATAM Airlines Group S.A. |
| Qatar Airways Investments (UK) Ltd. | Holds 10.00% of the equity interest of LATAM Airlines Group S.A. |
| Costa Verde Aeronautica S.A. | Holds 11.19% of the equity interest of LATAM Airlines Group S.A. |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| LATAM Airlines Group S.A., *et al*., | Case No.: 20-(___) |
| Debtors.[1] | Joint Administration Pending |

## CONSOLIDATED LIST OF CREDITORS
## HOLDING FIVE LARGEST SECURED CLAIMS

The following is a list of those creditors holding the five largest secured claims against the Debtors, on a consolidated basis, as of April 30, 2020. This list has been prepared from the books and records of the Debtors for filing in the Debtors' chapter 11 cases.

The information set forth herein shall not constitute an admission of liability by, nor is binding on, the Debtors, nor shall it bind the Debtors or their estates as to the amount, nature and status of any claim. The failure to list or designate any claim as contingent, disputed or subject to set off, recharacterization or other challenge shall not be a waiver of any of the Debtors' rights or defenses relating thereto.

---

[1]     The Debtors in these chapter 11 cases, and each Debtor's federal tax identification number (to the extent applicable), are as follows: LATAM Airlines Group S.A. (59-2605885); Lan Cargo S.A. (98-0058786); Transporte Aéreo S.A. (96-9512807); Inversiones Lan S.A. (96-5758100); Technical Training LATAM S.A. (96-847880K); LATAM Travel Chile II S.A. (76-2628945); Lan Pax Group S.A. (96-9696800); Fast Air Almacenes de Carga S.A. (96-6315202); Línea Aérea Carguera de Colombia S.A. (26-4065780); Aerovías de Integración Regional S.A. (98-0640393); LATAM Finance Ltd. (N/A); LATAM Airlines Ecuador S.A. (98-0383677); Professional Airline Cargo Services, LLC (35-2639894); Cargo Handling Airport Services, LLC (30-1133972); Maintenance Service Experts, LLC (30-1130248); Lan Cargo Repair Station LLC (83-0460010); Prime Airport Services Inc. (59-1934486); Professional Airline Maintenance Services LLC (37-1910216); Connecta Corporation (20-5157324); Peuco Finance Ltd. (N/A); Latam Airlines Perú S.A. (52-2195500); Inversiones Aéreas S.A. (N/A); Holdco Colombia II SpA (76-9310053); Holdco Colombia I SpA (76-9336885); Holdco Ecuador S.A. (76-3884082); Lan Cargo Inversiones S.A. (96-9696908); Lan Cargo Overseas Ltd. (85-7752959); Mas Investment Ltd. (85-7753009); Professional Airlines Services Inc. (65-0623014). For the purpose of these Chapter 11 Cases, the service address for the Debtors is: 6500 NW 22nd Street Miami, FL 33131.

| Creditor/Address | Claim Amount | Debt Type | General Description of Collateral |
|---|---|---|---|
| Wilmington Trust Company<br>1100 North Market Street<br>Wilmington, DE 19890-1605<br>Attn: Corporate Trust Administration<br>Telephone: (302) 636-6000<br>Fax: (302) 636-4140 | $777,509,924 | EETC, Tranche A | (11) 321s,<br>(2) 350s,<br>(4) 787s |
| Citibank, N.A., Loan Administration<br>1615 Brett Road, OPS 3<br>New Castle, DE 19720<br>(302) 894-6010<br>(212) 994-0847<br>Attn: Owen Coyle | $603,162,619 | Revolving Loan Agreement | 26 Planes and 15 Engines and Spare Parts |
| Credit Agricole Corporate & Investment Bank<br>Credit Agricole Building<br>1301 Avenue of the Americas<br>SFI Agency & Middle Office, 20th Floor | $274,365,652 | Engine Loan Facility | 41 Engines |
| Wells Fargo Bank Northwest, National Association<br>260 North Charles Lindbergh Drive<br>Salt Lake City, UT 84116<br>Attn: Corporate Trust Lease Group<br>Telephone: (801) 246-5653<br>Fax: (801) 246-5630 | $276,870,256 | EXIM Aircraft Bond | (9) 767s |
| Natixis<br>30, Avenue Pierre Mendes France -<br>75013 Paris<br>BP 4 75060 Paris Cedex 02<br>542 044 524 RCS Paris<br>Attn: Julie Watremez | $242,989,785 | Aircraft Loan Agreement | (9) A321s |

**Fill in this information to identify the case and this filing:**

Debtor Name    Latam Airlines Ecuador S.A.

United States Bankruptcy Court for the:    Southern    District of    New York
                                                     (State)

Case number (*If known*): _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* \_\_\_\_
- ☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 40 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☑ Other document that requires a declaration _____ Corporate Ownership Statement; Top 5 Secured Creditors List

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   05/26/2020      ✗ _____
      MM / DD / YYYY                  Signature of individual signing on behalf of debtor

                                        Ramiro Alfonsín Balza
                                        Printed name

                                        Authorized Signatory
                                        Position or relationship to debtor

Fill in this information to identify the case:

Debtor name: LATAM Airlines Group S.A., et al.

Bankruptcy Court for the Southern District of New York

Case number (if known): _____

☐ Check if this is an amended filing

Official Form 204

## Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 40 Largest Unsecured Claims and Are Not Insiders          12/15

A list of creditors holding the 40 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 40 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim(for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 1  LATAM 2026 Notes 240 Greenwich Street 7E New York, NY 10286 | LATAM 2026 Notes Bank of New York Mellon, as Trustee Peter Lopez PHONE: + 1 212 815 8273 FAX: EMAIL: peter.lopez@bnymellon.com | UNSECURED NOTES | | | | $800,000,000.00 |
| 2  LATAM 2024 Notes 240 Greenwich Street 7E New York, NY 10286 | LATAM 2024 Notes Bank of New York Mellon, as Trustee Peter Lopez PHONE: + 1 212 815 8273 FAX: EMAIL: peter.lopez@bnymellon.com | UNSECURED NOTES | | | | $700,000,000.00 |
| 3  Banco Santander Chile Bandera N° 140 Santiago, Metropolitana Chile | Banco Santander Chile Maria Soledad Schuster PHONE: 56 (2) 2648 3669 Anexo 83669 FAX: EMAIL: mariasoledad.schuster@santander.cl | FREQUENT FLIER MILES | Contingent | | | $549,000,000.00 |
| 4  Local Bonds, Series E Avenida Libertador Bernardo O'Higgins 1111 Santiago, Metropolitana Chile | Local Bonds, Series E Banco del Estado de Chile, as Trustee Francesca Gardella PHONE: (562) 2970 2970 FAX: EMAIL: fgarde@bancoestado.cl | UNSECURED NOTES | | | | $179,030,673.32 |
| 5  Banco de Credito del Perú Calle Centenario 156 Lima, Lima Peru | Banco de Credito del Perú Gianfranco Piero Ferrari de las Casas, CEO PHONE: 51.1.313.2000 FAX: 51.1.313.2121 EMAIL: consultationsbcp@bcp.com.pe; reclamamos@bcp.com.pe | FREQUENT FLIER MILES | Contingent | | | $167,000,000.00 |
| 6  Banco Santander Madrid Av. de Cantabria s/n 28660 Boadilla del Monte Madrid, Madrid Spain | Banco Santander Madrid Luis Casero Ynfiesta PHONE: +34 91 289 72 47 FAX: EMAIL: luis.casero@gruposantander.com | UNSECURED DEBT | | | | $139,500,000.00 |
| 7  Local Bonds, Series A Avenida Libertador Bernardo O'Higgins 1111 Santiago, Metropolitana Chile | Local Bonds, Series A Banco del Estado de Chile, as Trustee Francesca Gardella PHONE: (562) 2970 6210 FAX: EMAIL: fgarde@bancoestado.cl | UNSECURED NOTES | | | | $89,515,336.66 |
| 8  Local Bonds, Series B Avenida Libertador Bernardo O'Higgins 1111 Santiago, Metropolitana Chile | Local Bonds, Series B Banco del Estado de Chile, as Trustee Francesca Gardella PHONE: (562) 2970 6210 FAX: EMAIL: fgarde@bancoestado.cl | UNSECURED NOTES | | | | $89,515,336.66 |
| 9  Scotiabank Chile Casa Matriz Av Costanera Sur 2710 Torre A Santiago Chile | Scotiabank Chile Federico Alonso PHONE: 416-866-6161 FAX: EMAIL: Federico.Alonso@scotiabank.cl | UNSECURED DEBT | | | | $74,000,000.00 |

The information set forth herein represents the Debtors' best efforts to identify the relevant claims, and shall not constitute an admission of liability by, nor is it binding on, the Debtors.  Furthermore, the failure to list a claim as contingent, disputed or subject to set off shall not be a waiver of any right of the Debtors' rights relating thereto.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim(for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 10 | Local Bonds, Series C<br>Avenida Libertador Bernardo O'Higgins 1111<br>Santiago, Metropolitana<br>Chile | Local Bonds, Series C<br>Banco del Estado de Chile, as Trustee<br>Francesca Gardella<br>PHONE: (562) 2970 6210 FAX:<br>EMAIL: fgarde@bancoestado.cl | UNSECURED NOTES | | | | $66,241,349.13 |
| 11 | Local Bonds, Series D<br>Avenida Libertador Bernardo O'Higgins 1111<br>Santiago, Metropolitana<br>Chile | Local Bonds, Series D<br>Banco del Estado de Chile, as Trustee<br>Francesca Gardella<br>PHONE: (562) 2970 6210 FAX:<br>EMAIL: fgarde@bancoestado.cl | UNSECURED NOTES | | | | $66,241,349.13 |
| 12 | Banco BTG Pactual Chile, as Agent<br>Avenida Costanera Sur 2730, 19th floor<br>Santiago, Metropolitana<br>Chile | Banco BTG Pactual Chile, as Agent<br>Rodrigo Oyarzo<br>PHONE: +56 22 587 5027<br>FAX:<br>EMAIL: Rodrigo.Oyarzo@btgpactual.com | UNSECURED DEBT | | | | $59,438,183.54 |
| 13 | American Express Travel Related Services Company, Inc<br>200 Vesey Street<br>New York, NY 10285 | American Express Travel Related Services Company, Inc<br>Liliana Gutierrez<br>PHONE: +56 2 2783 8733<br>FAX:<br>EMAIL: liliana.w.gutierrez@aexp.com | UNSECURED DEBT | | | | $52,511,111.00 |
| 14 | Banco del Estado de Chile<br>Avenida Libertador Bernardo O'Higgins 1111<br>Santiago, Metropolitana<br>Chile | Banco del Estado de Chile<br>Francesca Gardella<br>PHONE: 56979695018<br>FAX:<br>EMAIL: fgarde@bancoestado.cl | UNSECURED DEBT | | | | $40,000,000.00 |
| 15 | BP p.l.c (Air BP)<br>501 Westlake Park Boulevard<br>Houston, TX 77079<br>United States | BP p.l.c (Air BP)<br>John Platt, CEO<br>PHONE: 971 5 04536032<br>FAX: 971 4 3318628<br>EMAIL: airbpoutofhours@bp.com | TRADE DEBT | | | | $38,940,366.00 |
| 16 | World Fuel Services<br>9800 NW 41 Street, Suite 400.<br>Miami, FL 33178 | World Fuel Services<br>RICHARD HOPPE<br>PHONE: 1-305-799-3532<br>FAX:<br>EMAIL: RHoppe@wfscorp.com | TRADE DEBT | | | | $30,030,023.00 |
| 17 | Itaú CorpBanca<br>Avenida Presidente Riesco 5537, 16th Floor<br>Santiago, Metropolitana<br>Chile | Itaú CorpBanca<br>Carlos Irarrazaval<br>PHONE: 56961699692<br>FAX:<br>EMAIL: Carlos.Irarrazaval@itau.cl | UNSECURED DEBT | | | | $29,857,588.21 |
| 18 | Dirección General de Aeronáutica Civil<br>AV. Miguel Claro 1314<br>Providencia<br>Chile | Dirección General de Aeronáutica Civil<br>Victor Villalobos Collao<br>PHONE: 2-4392000<br>FAX:<br>EMAIL: victor.villalobos@dgac.gob.cl | TRADE DEBT | | | | $17,063,704.59 |
| 19 | Aerospace Turbine Services & Solutions<br>Adjacent Abu Dhabi Intl Airport Turbine Services Building<br>Gate Number 3<br>Abu Dhabi<br>United Arab Emirates | Aerospace Turbine Services & Solutions<br>Mansoor Janahi<br>PHONE: +971 (2) 5057887<br>FAX:<br>EMAIL: MJanahi@tssaero.ae | TRADE DEBT | | | | $16,632,517.20 |
| 20 | OneWorld<br>2 Park Avenue<br>Suite 1100<br>New York, NY 10016 | OneWorld<br>Rob Gurney, CEO<br>PHONE: 604-713-2660<br>FAX:<br>EMAIL: rob.gurney@oneworld.com | TRADE DEBT | | | | $14,753,378.00 |
| 21 | The Boeing Company<br>100 N Riverside Drive<br>Chicago, IL 60606 | The Boeing Company<br>Gayle K. Wilson<br>PHONE: 206-6629829<br>FAX:<br>EMAIL: gayle.k.wilson@boeing.com;<br>jessica.l.waddell@boeing.com | TRADE DEBT | | | | $16,167,786.00 |
| 22 | Etihad Airways Engineering<br>SN New Airport Road<br>P. O. BOX 35566<br>Khalifa City A<br>Abu Dhabi<br>United Arab Emirates | Etihad Airways Engineering<br>Frederic Dupont<br>PHONE: 971 56 685 0160<br>FAX:<br>EMAIL: FDUPONT@etihad.ae | TRADE DEBT | | | | $14,425,131.05 |
| 23 | Gate Gourmet US, Inc<br>1880 Campus Commons Drive<br>Suite 200<br>Reston, VA 20191 | Gate Gourmet US, Inc<br>Rodrigo Decerega<br>PHONE: 1 (786) 2572043<br>FAX:<br>EMAIL: rdecerega@gategroup.com | TRADE DEBT | | | | $13,975,615.00 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 24 | Regional One INC, Dash 24 LLC; Case: 2013-20319 CA 01<br>Lavalle, Brown & Ronan PA<br>750 South Dixey Highway<br>Boca Raton, FL 33432 | Regional One INC, Dash 24 LLC; Case: 2013-20319 CA 01<br>Kenneth Ronan<br>PHONE: 561-395-0000<br>FAX:<br>EMAIL: kronan@lavallebrown.com | CONTINGENT LITIGATION | Contingent, Unliquidated, Disputed | | | $12,440,000.00 |
| 25 | HSBC Bank Chile<br>Av. Isidora Goyenechea 2800<br>Floor 23<br>Santiago, Metropolitana<br>Chile | HSBC Bank Chile<br>Alexandre Falcao<br>PHONE: 212-525-4449<br>FAX:<br>EMAIL: alexandre.p.falcao@us.hsbc.com | UNSECURED DEBT | | | | $12,000,000.00 |
| 26 | Sistemas Globales Chile-Asesorias Limitada<br>Av.Apoquindo Oficina S 3600<br>Las Condes<br>Chile | Sistemas Globales Chile-Asesorias Limitada<br>Natalia Croce<br>PHONE: 2 - 24468423<br>FAX:<br>EMAIL: natalia.croce@globant.com; Billing@globant.com | TRADE DEBT | | | | $11,906,629.20 |
| 27 | Repsol S.A.<br>2455 Technology Forest Blvd<br>The Woodlands, TX 77381 | Repsol S.A.<br>Josu Jon Imaz San Miguel, CEO<br>PHONE: 832-442-1000<br>FAX:<br>EMAIL: infous@repsol.com; ralvarezp.ir@repsol.com | TRADE DEBT | | | | $11,135,377.56 |
| 28 | Talma Servicios Aeroportuarios S.A.<br>Av. Elmer Faucett 2879<br>Piso 4<br>Lima Cargo City, Callao 7031<br>Peru | Talma Servicios Aeroportuarios S.A.<br>Entrevista a Arturo Cassinelli, CEO<br>PHONE: 51 1 513 8900 Anexo 41123 / 41148 / 41140<br>FAX:<br>EMAIL: anabel.ruiz@talma.com.pe;deisy.villar@talma.com.pe;eliza beth.pizarro@talma.com.pe;graciela.guillen@talma.com.p e;patricia.arangurem@talma.com.pe;rudi.landauro@talma. com.pe | TRADE DEBT | | | | $11,071,121.78 |
| 29 | General Directorate for Competition of the European Commission<br>Place Madou<br>Madouplein 1<br>Brussels, Saint-Josse-ten-Noode 1210<br>Belgium | General Directorate for Competition of the European Commission<br>Mr Olivier Guersent, Director General<br>PHONE: +32-229-65414<br>FAX:<br>EMAIL: Olivier.Guersent@ec.europa.eu | CONTINGENT LITIGATION | Contingent, Unliquidated, Disputed | | | $9,217,000.00 |
| 30 | CFM International, Inc.<br>One Neumann Way<br>Cincinnati, OH 45215 | CFM International, Inc.<br>Gaël Méheust, CEO<br>PHONE: 513-552-3272<br>FAX:<br>EMAIL: aviation.fleetsupport@ge.com | TRADE DEBT | | | | $7,458,917.21 |
| 31 | AerCap<br>65 St. Stephen's Green<br>AerCap House<br>Dublin D02 YX20<br>Ireland | AerCap<br>Phil Scruggs (CCO)<br>PHONE: 353-1-819-2010<br>FAX:<br>EMAIL: akelly@aercap.com; pscruggs@aercap.com | TRADE DEBT | | | | $7,430,428.00 |
| 32 | Petróleo Brasileiro S.A<br>200 Westlake Park Boulevard<br>Suite 1000<br>Houston, TX 77079 | Petróleo Brasileiro S.A<br>RODRIGO MOTTA GUIMARES<br>PHONE: 5521996474208<br>FAX:<br>EMAIL: rodrigo@br-petrobras.com.br | TRADE DEBT | | | | $7,226,085.75 |
| 33 | Avolon<br>640 5th Ave<br>19th Floor<br>New York, NY 10019 | Avolon<br>John Higgins (CCO)<br>PHONE: 646-609-8970<br>FAX:<br>EMAIL: jhiggins@avolon.aero; fcampos@avolon.aero | TRADE DEBT | | | | $6,483,212.00 |
| 34 | BBAM Aircraft Leasing & Management<br>50 California Street<br>14th Floor<br>San Francisco, CA 94111 | BBAM Aircraft Leasing & Management<br>Daniel Silberman<br>PHONE: 415-267-1600<br>FAX: 415-618-3337<br>EMAIL: daniel.silberman@bbam.com | TRADE DEBT | | | | $6,329,142.68 |
| 35 | Petróleos del Perú S.A.<br>Av.Paseo De La Republica 3361 Sn I<br>Lima<br>Peru | Petróleos del Perú S.A.<br>ALONSO RIVERA<br>PHONE: 996720438<br>FAX:<br>EMAIL: arivera@petroperu.com.pe. | TRADE DEBT | | | | $5,499,404.73 |
| 36 | Collins Aerospace<br>2730 W Tyvola Road<br>4 Coliseum Center<br>Charlotte, NC 28217 | Collins Aerospace<br>Stephen Ribaudo<br>PHONE: 1 860 503 9729<br>FAX:<br>EMAIL: stephen.ribaudo@collins.com | TRADE DEBT | | | | $5,341,080.00 |
| 37 | Everis Chile SA<br>Libertador 8 Ohiggins 1449. 1449<br>Santiago<br>Chile | Everis Chile SA<br>Juan Pablo Buiatti<br>PHONE: 2-4215300<br>FAX:<br>EMAIL: juan.pablo.buiatti.dal.pietro@everis.com; chile.finances@everis.com | TRADE DEBT | | | | $4,815,827.57 |
| 38 | CAE, Inc.<br>Emirates Aviation College Bldg<br>Dubai<br>United Arab Emirates | CAE, Inc.<br>Michel Azar-Hmouda<br>PHONE: 1 972 456-8070<br>FAX:<br>EMAIL: michel.azarhmouda@cae.com | TRADE DEBT | | | | $4,672,327.00 |
| 39 | Organización Terpel S.A.<br>Av Eldorado, 99.<br>Bogota<br>Colombia | Organización Terpel S.A.<br>LILIANA TOVAR SILVA<br>PHONE: 315-355-4671<br>FAX:<br>EMAIL: ltovar@terpel.com | TRADE DEBT | | | | $4,653,261.27 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim(for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 40 Empresa Argentina de Navegación Aérea  Rivadavia  578 3nd Piso Buenos Aires, AAQ C-100 2 Argentina | Empresa Argentina de Navegación Aérea Cristian Arnau PHONE: FAX: EMAIL: carnau@eana.com.ar | TRADE DEBT | | | | $4,215,496.00 |

| ACTA DE LA SESIÓN EXTRAORDINARIA DEL DIRECTORIO DE "LATAM-AIRLINES ECUADOR S.A." | MINUTES OF THE EXTRAORDINARY MEETING OF THE BOARD OF DIRECTORS OF "LATAM-AIRLINES ECUADOR S.A." |
|---|---|
| A los veinticinco (25) días del mes de mayo del año dos mil veinte (2020), a las 17h20, en el Aeropuerto Internacional Mariscal Sucre, Edificio "*Quito Airport Center*", Tercer Piso, Quito, encontrándose presente la totalidad de los Directores de LATAM-AIRLINES ECUADOR S.A. (la "Compañía"), el señor Xavier Rivera García, en su calidad de Presidente del Directorio, consulta si se acepta la celebración de esta sesión extraordinaria de Directorio de la Compañía, sin convocatoria previa, como lo autoriza la Ley de Compañías y el estatuto social de la Compañía. De conformidad con lo anterior, se encuentran presentes los señores Directores de la Compañía: | On May 25, 2020 at 5:20 p.m., at the Mariscal Sucre International Airport, "*Quito Airport Center*" Building, Third Floor, Quito, with all the Directors of LATAM-AIRLINES ECUADOR S.A. (the "Company") being present, Mr. Xavier Rivera García, in his capacity as Chairman of the Board of Directors, asked if this extraordinary meeting of the Board of Directors of the Company is accepted, without prior notice of the meeting, as authorized under the Companies Law and the Company's bylaws. Accordingly, the following Directors of the Company were present: |

| Nombre | Name |
|---|---|
| Xavier Rivera García | Xavier Rivera García |
| Daniel Alberto Leng Tapia | Daniel Alberto Leng Tapia |
| Maximiliano Naranjo Iturralde | Maximiliano Naranjo Iturralde |
| PROFESSIONAL-COUNSELLOR C.L. representada por su Presidente, el señor Vladimir Charro Mera | PROFESSIONAL-COUNSELLOR C.L. represented by its President, Mr. Vladimir Charro Mera |

| Actúa en calidad de Presidente del Directorio el señor Xavier Rivera García, y en calidad de Secretaria Ad-Hoc la señora Mariela Alexandra Anchundia Mieles. Los señores Directores de la Compañía acuerdan por unanimidad instalar la Sesión Extraordinaria de Directorio, con la finalidad de tratar el siguiente orden del día: | Mr. Xavier Rivera García acted as Chairman of the Board of Directors, and Mrs. Mariela Alexandra Anchundia Mieles acted as ad hoc Secretary. The Directors of the Company unanimously agreed to hold the Extraordinary Meeting of the Board of Directors in order to discuss the following agenda: |
|---|---|
| 1. Conocer y resolver sobre las actuaciones necesarias para que la Compañía inicie un proceso de reorganización (el "Procedimiento *Chapter 11*") en los Estados Unidos de América conforme a las normas establecidas en el Capítulo 11 ("*Chapter 11*") del Título 11 Código de los Estados Unidos de América (el "Bankruptcy Code"). Lo anterior en el marco de reestructuración de la deuda de la Compañía y de sus | 1. Discuss and resolve on the actions required for the Company to initiate a reorganization proceeding (the "Chapter 11 Proceeding") in the United States of America pursuant to the rules set forth in Chapter 11 ("Chapter 11") of Title 11 of the United States Bankruptcy Code ("Bankruptcy Code"). This within the context of a restructuring of the debt of the Company and its related parties that form part of the group |

relacionadas que forman parte del grupo empresarial cuya matriz es **Latam Airlines Group S.A.**

of companies headed by **Latam Airlines Group S.A.**

A continuación, el señor Presidente del Directorio pone en consideración de los Directores el único punto del Orden del Día:

The Chairman of the Board put the single Agenda Item to the consideration of the Directors:

1. **Conocer y resolver sobre las actuaciones necesarias para que la Compañía inicie un Procedimiento *Chapter 11* en los Estados Unidos de América conforme a las normas establecidas en el *Chapter 11* del *Bankruptcy Code*. Lo anterior en el marco de reestructuración de la deuda de la Compañía y de sus relacionadas que forman parte del grupo empresarial cuya matriz es Latam Airlines Group S.A.**

1. **Discuss and resolve on the actions required for the Company to initiate a Chapter 11 Proceeding in the United States of America pursuant to the rules set forth in Chapter 11 of the Bankruptcy Code. This within the context of a restructuring of the debt of the Company and its related parties that form part of the group of companies headed by Latam Airlines Group S.A.**

El Presidente del Directorio explica que, la Junta General de Accionistas ha decidido, en la sesión celebrada este mismo veinticinco (25) de mayo de dos mil veinte (2020), (i) someter a la Compañía al Procedimiento *Chapter 11* en los Estados Unidos de América conforme a las normas establecidas en el *Chapter 11* del *Bankruptcy Code*, presentando una solicitud voluntaria de amparo (*voluntary petition relief*) conforme al mismo en el distrito y el momento que sea determinado por la persona que suscriba la solicitud, y (ii) autorizar al Directorio a llevar a cabo todas las actuaciones necesarias para iniciar un Procedimiento *Chapter 11* bajo el *Chapter 11* del *Bankruptcy Code.*

The Chairman of the Board explained that the shareholders' meeting had decided at the meeting held on May 25, 2020 to (i) submit the Company to the Chapter 11 Proceeding in the United States of America pursuant to the rules set forth in Chapter 11 of the Bankruptcy Code, by filing a voluntary petition for relief thereunder in any district at such time to be determined by the person who executes the petition, and (ii) authorize the Board of Directors to carry out all actions required to initiate a Chapter 11 Proceeding under Chapter 11 of the Bankruptcy Code.

El Directorio, de conformidad con la autorización de la Junta General, y conforme con las facultades conferidas al Directorio en los estatutos y en la ley, luego de intercambiar opiniones sobre el particular, por unanimidad de sus miembros presentes **ACUERDA**:

In accordance with the authorization of the shareholders' meeting and the powers granted to the Board of Directors in the bylaws and by law, the Board of Directors discussed the matter and unanimously **AGREED**:

**Primero.** Facultar al Presidente Ejecutivo de la Compañía y a los señores Roberto Alvo Milosawlewitsch. Ramiro Alfonsín Balza, Andrés del Valle Eitel, Juan Carlos Menció y José

**First.** To authorize the Executive President of the Company and Messrs. Roberto Alvo Milosawlewitsch, Ramiro Alfonsín Balza, Andrés del Valle Eitel, Juan Carlos Menció and

María Eyzaguirre Baeza (conjuntamente, los "<u>Representantes</u>") para que cada uno de ellos actuando individualmente o en forma conjunta pueda, en nombre y representación de la Compañía:

**(i)** autorizar, suscribir y presentar todas las solicitudes, peticiones, anexos, mociones, listados, alegatos, documentos y otros antecedentes, suscribir acuerdos, extender documentos, realizar declaraciones y presentaciones, participar en audiencias y tomar todas y cada una de las medidas que considere necesarias o apropiadas para presentar una solicitud voluntaria de amparo (*voluntary petition relief*) bajo el *Chapter 11*, y adoptar e implementar todos y cualesquiera actas y escrituras que ellos puedan considerar necesarias, pertinentes o deseables en relación con el Procedimiento *Chapter 11*, encaminadas al éxito del mismo, incluyendo, sin limitación, la realización de cualquier acción necesaria para mantener el curso ordinario y la continuidad de la operación de los negocios de la Compañía, sea frente a un tribunal federal de los Estados Unidos de América o frente a cualquier otro tribunal o autoridad que corresponda conforme a las reglas que rigen el Procedimiento *Chapter 11*; y

**(ii)** obtener financiamiento posterior a la solicitud de reorganización bajo el Procedimiento Chapter 11 (el "<u>Financiamiento DIP</u>") y, de corresponder, el uso de garantías en efectivo, en términos sustancialmente similares a los presentados al Directorio en esta sesión, y sujeto a los términos y condiciones precedentes adicionales que se establezcan en la documentación definitiva, y en relación con ello, (a) negociar, ejecutar, otorgar y presentar frente a tribunales o autoridades (según fuere

José María Eyzaguirre Baeza (the "<u>Representatives</u>") so that each of them acting alone or together may, on behalf of and representing the Company:

**(i)** authorize, execute and file all applications, petitions, schedules, motions, lists, pleadings, documents and other papers, enter into agreements, issue documents, make statements and filings, participate in hearings and take any and all actions that they deem necessary or appropriate to file the voluntary petition for relief under Chapter 11, and take and perform any and all further acts and deeds that they deem necessary, proper and desirable in connection with the Chapter 11 Proceeding, with a view towards the successful prosecution of such case, including, without limitation, any action necessary to maintain the ordinary course and continuity of the operation of the Company's business, whether before a federal court of the United States of America or any other court or governmental entity under the rules governing the Chapter 11 Proceeding. ; and

**(ii)** obtain post-petition financing (the "<u>DIP Financing</u>") and, if applicable, cash collateral usage on terms substantially in the form of such terms presented to the Board of Directors on the date hereof, and subject to the further terms and conditions precedent set forth in the definitive documentation, and in connection therewith, (a) negotiate, execute deliver and file (as necessary) appropriate loan agreements, guarantees, security agreements, notes, cash collateral agreements and related ancillary documents,

necesario) los contratos de crédito correspondientes, garantías, contratos de garantía, notas, contratos de garantía en efectivo y los documentos relacionados, certificados e instrumentos, y con respecto a cada uno de los anteriores, y cualquier modificación, suplemento, extensión o renovación de los mismos (conjuntamente, los "Documentos del Crédito DIP"), (b) dar garantías en favor de uno o más agentes, en beneficio de los financistas bajo los mismos, dar otras seguridades para el Financiamiento DIP, (c) negociar, ejecutar, entregar o archivar (según sea necesario) cada contrato, instrumento o documento que sea negociado, suscrito, entregado o presentado (según sea necesario) (conjuntamente con los Documentos del Crédito DIP, los "Documentos DIP"), en nombre y representación de la Sociedad, de conformidad con o en relación con el mismo, y (d) cumplir sus obligaciones bajo los Documentos DIP y suscribir todos los actos, y negociar y pagar cualquier honorario, impuestos u otros gastos, en cada caso, en los términos y condiciones que el Representante que los ejecute considere necesario, adecuado o deseable, todo ello con los cambios y adiciones que cualquier Representante apruebe, lo que quedará demostrado por el solo hecho de ejecutarse dichos actos.

Los Representantes quedan expresamente autorizados para delegar los poderes conferidos mediante la presente, y quedan autorizados para suscribir cualquier documento público o privado que fuera necesario para perfeccionar dicha delegación, incluyendo, pero no limitado, al otorgamiento de poderes especiales.

**Segundo.** Contratar y mantener a los siguientes asesores en las calidades que en cada caso se identifican (los

certificates and instruments, and with respect to each of the foregoing, and any amendments, supplements, modifications, extensions and renewals thereto (collectively, the "DIP Facility Documents"), (b) grant security interests in favor of the agent(s), for the benefit of the lenders thereunder, to secure the obligations under the DIP Facility, (c) to negotiate, execute, deliver or file (as necessary) each other agreement, instrument or document to be negotiated, executed, delivered or filed (as necessary), (together with the DIP Facility Documents, the "DIP Documents") in the name and on behalf of the Company, pursuant thereto or in connection therewith, and (d) perform its obligations under the DIP Documents and take any other actions, and negotiate and pay all fees, taxes and other expenses in connection with the foregoing; in each instance, on such other terms and conditions as such Representative executing the same may consider necessary, proper or desirable ,all with such changes therein and additions thereto as any Representative approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof.

The Representatives are expressly authorized to delegate the authority hereby granted to them, and they are hereby authorized to execute any public or private document which may be necessary to perfect such delegation, including, but not limited to, the granting of special powers-of-attorney

**Second.** To hire and retain the following advisors in the following capacities (the "Advisors"), for all purposes of

"Asesores"), para todos los efectos del Procedimiento *Chapter 11* y materias relacionadas:

**A.** Al estudio de Claro & Cía., para que en coordinación con el estudio de abogados Cleary Gottlieb, Steen & Hamilton LLP, asesore a la Compañía en la evaluación, coordinación general, presentación, ejecución, negociación y finalización del Procedimiento *Chapter 11* y todos los demás procesos relacionados con el mismo y en cualquier procedimiento concursal en que tenga interés la Compañía.

**B.** Al estudio de abogados Cleary, Gottlieb, Steen & Hamilton LLP como asesor legal general en el contexto del Procedimiento *Chapter 11*, para que en esta calidad y en coordinación con el estudio de abogados Claro & Cía., represente y asista a la Compañía en el desempeño de sus funciones y deberes bajo el *Bankruptcy Code* y en asuntos relacionados, y en la adopción de todas y cada una de las medidas adecuadas para ejercer los derechos y obligaciones de la Compañía en tales asuntos, incluida la presentación de solicitudes y la realización de alegatos.

**C.** Al estudio de abogados Togut, Segal & Segal, LLP como asesor de conflictos en el contexto del Procedimiento Chapter 11, para que en tal condición y en coordinación con los estudios de abogados Claro & Cía. y Cleary, Gottlieb, Steen & Hamilton LLP, represente y asista a la Compañía en el desempeño de sus funciones y deberes bajo el *Bankruptcy Code* y asuntos relacionados, y

the Chapter 11 Proceeding and related matters:

**A.** The law firm Claro & Cía., to, in coordination with the law firm Cleary, Gottlieb, Steen & Hamilton LLP, advise the Company in the assessment, general coordination, filing, execution, negotiation and completion of the Chapter 11 Proceeding and all other proceedings related thereto and any bankruptcy proceedings in which the Company may have an interest.

**B.** The law firm Cleary, Gottlieb, Steen & Hamilton LLP as lead counsel in the context of the Chapter 11 Proceeding, in such capacity and in coordination with the law firm Claro & Cía., to represent and assist the Company in the performance of its functions and duties under the Bankruptcy Code and related matters, and in the taking of any and all appropriate actions to advance the rights and obligations of the Company in connection therewith, including the filing of applications and pleadings.

**C.** The law firm Togut, Segal & Segal, LLP as conflicts counsel in the context of the Chapter 11 Proceeding, in such capacity and in coordination with the law firms Claro & Cía. and Cleary, Gottlieb, Steen & Hamilton LLP, to represent and assist the Company in the performance of its functions and duties under the Bankruptcy Code and related matters, and in the taking of any and all appropriate

| | |
|---|---|
| en la adopción de todas y cada una de las medidas adecuadas para ejercer los derechos y obligaciones de la Compañía en tales asuntos, incluida la presentación de solicitudes y la realización de alegatos. | actions to advance the rights and obligations of the Company in connection therewith, including the filing of applications and pleadings. |
| **D.** Al estudio de abogados Pérez Bustamante & Ponce Abogados para que en coordinación con los estudios de abogados Claro & Cía. y Cleary Gottlieb, Steen & Hamilton LLP, asesore a la Compañía en Ecuador en lo relativo al desempeño de sus funciones y deberes bajo el *Bankruptcy Code* y en asuntos relacionados, y en la adopción de todas y cada una de las medidas que sean adecuadas o pertinentes en Ecuador para ejercer los derechos y obligaciones de la Compañía en tales asuntos. | **D.** The law firm Pérez Bustamante & Ponce Abogados to, in coordination with the law firms Claro & Cía. and Cleary, Gottlieb, Steen & Hamilton LLP, advise the Company in Ecuador in the performance of its functions and duties under the Bankruptcy Code and related matters, and in the taking of any and all appropriate actions to advance the rights and obligations of the Company in Ecuador in connection therewith. |
| **E.** FTI Consulting, Inc. como asesor financiero en relación a las materias propias del Procedimiento *Chapter 11* para representar y asistir a la Compañía en el desempeño de sus funciones y deberes bajo el *Bankruptcy Code*. | **E.** FTI Consulting, Inc. as financial advisor in connection with matters pertaining to the Chapter 11 Proceeding to represent and assist the Company in the performance of its duties and functions under the Bankruptcy Code. |
| **F.** PJT Partners, Inc. como asesor financiero en relación con los asuntos relativos al procedimiento del Chapter 11 para representar y ayudar a la Compañía en el desempeño de sus deberes y funciones bajo el Bakruptcy Code. | **F.** PJT Partners, Inc. as financial advisor in connection with matters pertaining to the Chapter 11 Proceeding to represent and assist the Company in the performance of its duties and functions under the Bankruptcy Code. |
| **G.** Prime Clerk LLC, como agente de avisos y reclamaciones, para representar y asistir a la Compañía en el desempeño de sus funciones y deberes bajo el Bankruptcy Code y en asuntos relacionados, y en la toma de todas y cada una de las acciones | **G.** Prime Clerk LLC, as notice and claims agent, to represent and assist the Company in the performance of its functions and duties under the Bankruptcy Code and related matters, and in the taking of any and all appropriate actions to advance |

apropiadas para ejercer los derechos y obligaciones de la Compañía en tales asuntos.

**H.** Cualquier otro asesor legal, contable, asesor financiero u otro profesional que represente y asista a la Compañía en el desempeño de sus funciones y deberes bajo el *Bankruptcy Code*, y en la toma de todas y cada una de las acciones apropiadas para ejercer los derechos y obligaciones de la Compañía en tales asuntos; lo anterior a discreción de los Representantes.

Los Representantes quedan autorizados, facultados e instruidos para celebrar contratos de asesoría y prestación de servicios con los Asesores, incluyendo los acuerdos de retención que sean necesarios, para pagar los anticipos correspondientes y para hacer que se presente una solicitud apropiada de autorización para contratar los servicios de dichos Asesores.

**Tercero.** Adicionalmente, autorizar y facultar a los Representantes, para que en nombre y representación de la Compañía, adopten (o causen la adopción de) cualquier otra medida, y para que realicen, firmen, suscriban, reconozcan y entreguen (y registren en una oficina pertinente del secretario del condado, si es necesario), y presenten todos los acuerdos (incluidos los elementos de prueba de los mismos), certificados, instrumentos, enmiendas, declaraciones juradas, órdenes, instrucciones, certificaciones, solicitudes, recibos, declaraciones de financiamiento u otros instrumentos y a pagar todos los gastos, incluidos, entre otros, los gastos de presentación, en cada caso, según el Representante considere necesario, aconsejable o deseable, a su discreción, para

the rights and obligations of the Company in connection therewith.

**H.** Any other legal counsel, accountants, financial advisors or other professionals to represent and assist the Company in the performance of its duties and functions under the Bankruptcy Code, and in the taking of any and all appropriate actions to advance the rights and obligations of the Company in connection therewith; the foregoing at the discretion of the Representatives.

The Representatives are authorized, empowered and instructed to enter into advisory and service contracts with the Advisors, including appropriate retention agreements, to pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of such Advisors.

**Third.** In addition to the specific authorizations heretofore conferred upon the Representatives, to authorize and empower the Representatives, in the name of and on behalf of the Company, to take (or cause to be taken) any and all such other and further action, and to make, sign, execute, acknowledge and deliver (and record in a relevant office of the county clerk, if necessary), and file any and all arrangements, agreements (including exhibits thereto), agreements, certificates, instruments, amendments, affidavits, orders, directions, certifications, requests, receipts, financing statements or other instruments and to pay all expenses, including but not limited to filing fees, in each case as in such Representative or Representatives'

| | |
|---|---|
| alcanzar completamente el propósito de los acuerdos anteriores, a celebrar y otorgar dichos instrumentos, y a cumplir plenamente las condiciones y disposiciones de los mismos. | judgement shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the foregoing resolutions, and to execute and deliver such instruments, and to fully perform the terms and provisions thereof. |
| **Cuarto.** Ratificar y confirmar en su totalidad todos los actos, acciones y operaciones relacionados con los acuerdos antes referidos, en la medida que puedan haber sido adoptados o ejecutadas en nombre y/o representación de la Compañía y sujetos a los términos de los demás acuerdos de que da cuenta esta acta. | **Fourth.** To ratify and confirm in their entirety all the acts, actions and transactions related to the matters contemplated by the foregoing resolutions to the extent that any such acts, actions and transactions have been taken or executed in the name of or on behalf of the Company and subject to the terms of the other resolutions adopted herein. |
| No habiendo otro asunto que tratar y agotada el orden del día, el Presidente del Directorio da por terminada la sesión, concediéndose un receso para la redacción de la presente acta. | There being no further business to discuss, the Chairman of the Board of Directors adjourned the meeting and granted a recess for the preparation of the minutes. |
| Reinstalada la sesión, se procede a la lectura íntegra del Acta, la misma que es aprobada por unanimidad de los miembros del Directorio presentes en todas y cada una de sus partes. | The meeting was reconvened and the Minutes were read and unanimously approved in full by the members of the Board of Directors present. |
| Se levanta la reunión a las 17h40, para constancia de lo cual, la presente Acta es suscrita por el Presidente, la Secretaria Ad-hoc y los miembros del Directorio. | The meeting was closed at 17:40 p.m., in witness whereof these Minutes were signed by the Chairman, the ad hoc Secretary and the members of the Board of Directors. |

_____
Xavier Rivera
**Presidente del Directorio / Chairman of the Board of Directors**

_____
Daniel Alberto Leng Tapia
**Director**

_____
Maximiliano Naranjo Iturralde
**Director**

_____
Vladimir Charro Mera
*Presidente / President*
PROFESSIONAL-COUNSELLOR
C.L.
**Director**

_____
Mariela Anchundia Mieles
**Secretaria Ad-Hoc de la Junta / Ad hoc Secretary of the Meeting**

o

| | |
|---|---|
| **LISTA DE ASISTENTES A LA SESIÓN EXTRAORDINARIA DEL DIRECTORIO DE "LATAM-AIRLINES ECUADOR S.A."** | **LIST OF ATTENDEES AT THE EXTRAORDINARY MEETING OF THE BOARD OF DIRECTORS OF "LATAM-AIRLINES ECUADOR S.A."** |
| A los veinticinco (25) días del mes de mayo del año dos mil veinte (2020), a las 17h20, en el Aeropuerto Internacional Mariscal Sucre, Edificio "*Quito Airport Center*", Tercer Piso, Quito, antes de declarar instalada la Sesión Extraordinaria del Directorio de la Compañía LATAM-AIRLINES ECUADOR S.A., la señora secretaria Ad-Hoc, procede a verificar la asistencia de los señores Miembros del Directorio. | On May 25, 2020 at 5:20 p.m., at the Mariscal Sucre International Airport, "*Quito Airport Center*" Building, Third Floor, Quito, before opening the Extraordinary Meeting of the Board of Directors of LATAM-AIRLINES ECUADOR S.A., the ad hoc Secretary verified the attendance of the Members of the Board of Directors. |
| Se instala la sesión extraordinaria de Directorio de la Compañía con la presencia de los señores Directores: Daniel Alberto Leng Tapia, Xavier Rivera García, Maximiliano Naranjo Iturralde y PROFESSIONAL-COUNSELLOR C.L., representada por su Presidente, el señor Vladimir Charro Mera. | The Extraordinary Meeting of the Board of Directors of the Company was held with the presence of the Directors: Daniel Alberto Leng Tapia, Xavier Rivera García, Maximiliano Naranjo Iturralde and PROFESSIONAL-COUNSELLOR C.L., represented by its President, Mr. Vladimir Charro Mera. |
| Para constancia de lo expresado, firman el señor Presidente del Directorio y la señora Secretaria Ad-Hoc que certifican. | In witness whereof this document was signed by the Chairman of the Board of Directors and the ad hoc Secretary. |

Xavier Rivera
**Presidente del Directorio /
Chairman of the Board of
Directors**

Mariela Anchundia Mieles
**Secretaria Ad-Hoc de la Junta / Ad
hoc Secretary of the Meeting**

| | |
|---|---|
| **ACTA DE LA JUNTA GENERAL EXTRAORDINARIA Y UNIVERSAL DE ACCIONISTAS DE LA COMPAÑÍA "LATAM-AIRLINES ECUADOR S.A."** | **MINUTES OF THE EXTRAORDINARY AND UNIVERSAL SHAREHOLDERS' MEETING OF "LATAM-AIRLINES ECUADOR S.A."** |

En la ciudad de Quito, Distrito Metropolitano, a los veinticinco (25) días del mes de mayo de dos mil veinte (2020) en el Aeropuerto Internacional Mariscal Sucre, Edificio "*Quito Airport Center*", Tercer Piso, Quito, encontrándose presente la totalidad del capital social pagado de LATAM-AIRLINES ECUADOR S.A. (la "Compañía"), el Señor Xavier Rivera en su calidad de Presidente del Directorio, consulta si se acepta la celebración de esta Junta General de Accionistas, sin convocatoria previa, como lo autoriza la Ley de Compañías y el estatuto social de la Compañía, para tratar el siguiente Orden del Día:

In the city of Quito, Metropolitan District, on May 25, 2020 at the Mariscal Sucre International Airport, "*Quito Airport Center*" Building, Third Floor, Quito, with the entirety of paid-in capital of LATAM-AIRLINES ECUADOR S.A. (the "Company") being present, Mr. Xavier Rivera in his capacity as Chairman of the Board of Directors asked if this shareholders' meeting is accepted, without prior notice of the meeting, as authorized under the Companies Law and the Company's bylaws, in order to discuss the following Agenda:

1. **Conocer y resolver sobre la autorización al Directorio para llevar a cabo todas las actuaciones necesarias para que la Compañía de inicio a un proceso de reorganización (el "Procedimiento *Chapter 11*") en los Estados Unidos de América conforme a las normas establecidas en el Capítulo 11 ("*Chapter 11*") del Título 11 del Código de los Estados Unidos de América (el "*Bankruptcy Code*"). Lo anterior en el marco de reestructuración de la deuda de la Compañía y de sus relacionadas que forman parte del grupo empresarial cuya matriz es Latam Airlines Group S.A.**

1. **Discuss and resolve on the authorization of the Board of Directors to carry out all the actions required for the Company to initiate a reorganization process ("Chapter 11 Proceeding") in the United States of America pursuant to the rules set forth in Chapter 11 ("Chapter 11") of Title 11 of the United States Bankruptcy Code ("Bankruptcy Code"). This within the context of a restructuring of the debt of the Company and its related parties that form part of the group of companies headed by Latam Airlines Group S.A.**

Estando representada la totalidad del capital social pagado de la Compañía, los representantes de los accionistas aceptan por unanimidad la celebración de esta Junta General de Accionistas, con el mencionado Orden del Día.

Since the entirety of the Company's paid-in capital was represented, the representatives of the shareholders unanimously agreed to hold this shareholders' meeting with the above Agenda.

Se instala la sesión a las 16h50, bajo la Presidencia del señor Xavier Rivera y con la presencia de las accionistas de la Compañía: (i) **LAN PAX GROUP S.A.**, debidamente representada por el señor Diego Pérez Ordóñez, en su calidad de apoderado especial, según se desprende de los documentos

The meeting was convened at 4:50 p.m., with Mr. Xavier Rivera acting as Chairman and the presence of the Company's shareholders: (i) **LAN PAX GROUP S.A.**, duly represented by Mr. Diego Pérez Ordóñez, in his capacity as special attorney-in-fact, as shown by the supporting documents added to the record,

habilitantes que se agregan al expediente, propietaria de quinientas cincuenta mil (550.000) acciones ordinarias y nominativas de un dólar de los Estados Unidos de América (US$ 1,00) de valor nominal cada una, pagadas en su totalidad; y (ii) **HOLDCO ECUADOR S.A.**, debidamente representada por el señor Andrés Brown Pérez en su calidad de apoderado especial, según se desprende de los documentos habilitantes que se agregan al expediente, propietaria de cuatrocientas cincuenta mil (450.000) acciones ordinarias y nominativas de un dólar de los Estados Unidos de América (US$1.00) de valor nominal cada una, pagadas en su totalidad. Actúa como Secretaria Ad-Hoc la señora Doctora Mariela Anchundia Mieles.

A continuación, el señor Presidente de la Junta pone en consideración de la Junta General los puntos del Orden del Día:

1.  **Conocer y resolver sobre la autorización al Directorio para llevar a cabo todas las actuaciones necesarias para que la Compañía de inicio a un Procedimiento *Chapter 11* en los Estados Unidos de América conforme a las normas establecidas en el *Chapter 11* del *Bankruptcy Code*. Lo anterior en el marco de reestructuración de la deuda de la Compañía y de sus relacionadas que forman parte del grupo empresarial cuya matriz es Latam Airlines Group S.A.**

    Toma la palabra el señor Presidente de la Junta para indicar que:

    **(i)** El 11 de marzo de 2020, la Organización Mundial de la Salud declaró el brote generalizado del reciente COVID-19 como pandemia mundial. Durante las semanas que siguieron a dicha declaración, los países de todo el mundo, incluyendo cada uno de aquellos en los que Latam Airlines Group S.A. y sus personas relacionadas ("LATAM") tienen sus operaciones principales, anunciaron severas restricciones de viaje y/o cierre directo de sus fronteras. El impacto en la industria aérea fue casi

holder of five hundred fifty thousand (550,000) common and registered shares with a par value of one dollar (US$ 1.00), fully paid-up; and (ii) **HOLDCO ECUADOR S.A.**, duly represented by Mr. Andrés Brown Pérez in his capacity as special attorney-in-fact as shown by the supporting documents added to the record, holder of four hundred fifty thousand (450,000) common and registered shares with a par value of one dollar (US$1.00), fully paid-up. Mrs. Mariela Anchundia Mieles acted as the ad hoc Secretary.

The Chairman of the meeting put the Agenda to the consideration of the shareholders' meeting:

1.  **Discuss and resolve on the authorization of the Board of Directors to carry out all the actions required for the Company to initiate a Chapter 11 Proceeding in the United States of America pursuant to the rules set forth in Chapter 11 of the Bankruptcy Code. This within the context of a restructuring of the debt of the Company and its related parties that form part of the group of companies headed by Latam Airlines Group S.A.**

    The Chairman took the floor and stated that:

    **(i)** On March 11, 2020 the World Health Organization declared the widespread outbreak of the novel COVID-19 a global pandemic. Over the intervening weeks, countries around the world, including each of those in which Latam Airlines Group S.A. and its affiliates ("LATAM") have their primary operations, announced severe travel restrictions and/or outright closure of their borders. The impact on the airline industry was almost instantaneous, and as of April 2020, LATAM's passenger flights are limited to roughly 4% of

instantáneo, y en abril de 2020, los vuelos de transporte de pasajeros se redujeron a aproximadamente un 4% de las rutas de LATAM previo a la crisis del COVD-19.

**(ii)** A pesar de tomar medidas significativas de ahorro de costos y preservación de liquidez, la posición de liquidez de la Compañía ha seguido deteriorándose a raíz de la pandemia COVID-19.

**(iii)** Los accionistas han revisado y han tenido la oportunidad de hacer preguntas sobre los antecedentes suministrados por la administración y los asesores legales y financieros de la Compañía y sus personas relacionadas en relación a los pasivos y la liquidez de la misma, las alternativas estratégicas disponibles para ella, y el impacto de lo anterior en su negocio.

**(iv)** Los accionistas han consultado a la administración y los asesores legales y financieros de la Compañía y sus personas relacionadas y, habiendo considerado en su totalidad cada una de las alternativas estratégicas disponibles, han concluido que es deseable y en el mejor interés de la Compañía, sus acreedores y otros interesados, presentar una solicitud voluntaria de amparo conforme al *Chapter 11* del *Bankruptcy Code*.

**(v)** El Procedimiento *Chapter 11* representa la mejor oportunidad de la Compañía para asegurar la estabilidad y cumplir con sus obligaciones con sus partes interesadas. La Compañía tiene la intención de utilizar las herramientas sustantivas y de procedimiento disponibles en el Procedimiento *Chapter 11* para maximizar la eficiencia de sus operaciones en curso y renegociar ciertas relaciones contractuales clave a la luz de las condiciones actuales del mercado.

La Junta General de Accionistas, conforme las facultades conferidas en los

LATAM's routes prior to the COVID-19 crisis.

**(ii)** Despite undertaking meaningful cost-saving and liquidity preserving measures, the Company's liquidity position has continued to deteriorate in the wake of the COVID-19 pandemic.

**(iii)** The shareholders have reviewed and had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of the Company and its affiliates regarding the liabilities and liquidity of the Company, the strategic alternatives available to it, and the impact of the foregoing on the Company's business.

**(iv)** The shareholders have consulted with the management and the financial and legal advisors of the Company and its affiliates and, having considered fully each of the strategic alternatives available to it, have concluded that it is desirable and in the best interests of the Company, its creditors and other interested parties, to file a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

**(v)** The Chapter 11 Proceeding represents the Company's best opportunity to ensure stability and meet its obligations to its stakeholders. The Company intends to use the substantive and procedural tools available in the Chapter 11 Proceeding to maximize the efficiency of its ongoing operations and renegotiate certain key contractual relationships in light of current market conditions.

After a brief discussion and in accordance with the powers granted in

estatutos y en la ley, resuelve, luego de un breve debate **(A)** someter a la Compañía al Procedimiento *Chapter 11* en los Estados Unidos de América conforme a las normas establecidas en el *Chapter 11* del *Bankruptcy Code*, presentando una solicitud voluntaria de amparo (*voluntary petition relief*) conforme al mismo en el distrito y el momento que sea determinado por la persona que suscriba la solicitud, y **(B)** autorizar al Directorio a llevar a cabo todas las actuaciones necesarias para iniciar un Procedimiento *Chapter 11* bajo el *Chapter 11* del *Bankruptcy Code*.

the bylaws and by law, the shareholders' meeting decided to **(A)** submit the Company to the Chapter 11 Proceeding in the United States of America pursuant to the rules set forth in Chapter 11 of the Bankruptcy Code, by filing a voluntary petition for relief thereunder in any district at such time as the person who executes the petition shall determine, and **(B)** authorize the Board of Directors to carry out all actions required to initiate a Chapter 11 Proceeding under Chapter 11 of the Bankruptcy Code.

Habiéndose tratado y resuelto los puntos del Orden del Día para el cuál se instaló esta Junta General de Accionistas, el señor Presidente concede un receso para la elaboración del Acta.

Having discussed and decided on the Agenda Items for which this shareholders' meeting was convened, the Chairman granted a recess for the preparation of the Minutes.

Reinstalada la sesión, se da lectura al Acta, la misma que se aprueba por unanimidad y sin ninguna observación.

The meeting was reconvened, and the Minutes were read and unanimously approved with no observations.

Se levanta la sesión a las 17h10.

The meeting was adjourned at 5:10 p.m.

Para constancia de lo expresado firman, el señor Presidente, la representante de las compañías accionistas y la señora Secretaria Ad-Hoc que certifican, en el lugar y fecha indicados.

In witness whereof, the Chairman, the representatives of the shareholder companies and the ad hoc Secretary signed this document at the time and place stated above.

Xavier Rivera
**Presidente de la Junta / Chairman of the Meeting**

Marcia Anchundia
**Secretaria Ad-Hoc de la Junta / Ad hoc Secretary of the Meeting**

Diego Pérez Ordóñez
*Apoderado Especial / Special Attorney-in-Fact*
**LAN PAX GROUP S.A.**
**Accionista / Shareholder**

Andrés Brown Pérez
*Apoderado Especial / Special Attorney-in-Fact*
**HOLDCO ECUADOR S.A.**
**Accionista / Shareholder**

| LISTA DE ASISTENTES A LA JUNTA GENERAL EXTRAORDINARIA Y UNIVERSAL DE ACCIONISTAS DE LA COMPAÑÍA "LATAM-AIRLINES ECUADOR S.A." | LIST OF ATTENDEES AT THE EXTRAORDINARY AND UNIVERSAL SHAREHOLDERS' MEETING OF "LATAM-AIRLINES ECUADOR S.A." |
|---|---|
| En la ciudad de Quito, Distrito Metropolitano, a los veinticinco (25) del mes de mayo de dos mil veinte (2020), antes de declarar instalada la Junta General Extraordinaria y Universal de Accionistas de la compañía LATAM-AIRLINES ECUADOR S.A., la señora Secretaria Ad-Hoc, procede a efectuar la lista de asistentes a la indicada Junta General de Accionistas. | In the city of Quito, Metropolitan District, on May 25, 2020, before opening the Extraordinary and Universal Shareholders' Meeting of LATAM-AIRLINES ECUADOR S.A., the ad hoc Secretary made a list of the attendees. |
| Los accionistas presentes, la clase y el valor de las acciones y el número de votos que le corresponde, son los siguientes: | The shareholders present, the class and value of the shares and their corresponding number of votes are as follows: |
| • **LAN PAX GROUP S.A.,** debidamente representada por el señor Diego Pérez Ordóñez, en su calidad de apoderado especial, según se desprende de los documentos habilitantes que se agregan al expediente, propietaria de quinientas cincuenta mil (550.000) acciones ordinarias y nominativas de un dólar de los Estados Unidos de América (US$ 1,00) de valor nominal cada una, pagadas en su totalidad, correspondiéndole 550.000 votos; y | • **LAN PAX GROUP S.A.,** duly represented by Mr. Diego Pérez Ordóñez, in his capacity as special attorney-in-fact, as shown by the supporting documents added to the record, holder of five hundred fifty thousand (550,000) common and registered shares with a par value of one dollar (US$ 1.00), fully paid-up; with 550,000 votes; and |
| • **HOLDCO ECUADOR S.A.,** debidamente representada por el señor Andrés Brown Pérez en su calidad de apoderado general, según se desprende de los documentos habilitantes que se agregan al expediente, propietaria de cuatrocientas cincuenta mil (450.000) acciones ordinarias y nominativas de un dólar de los Estados Unidos de América (US$1.00) de valor nominal cada una, pagadas en su totalidad, correspondiéndole 450.000 votos. | • **HOLDCO ECUADOR S.A.,** duly represented by Mr. Andrés Brown Pérez in his capacity as special attorney-in-fact, as shown by the supporting documents added to the record, holder of four hundred fifty thousand (450,000) common and registered shares with a par value of one dollar (US$1.00), fully paid-up, with 450,000 votes. |

| Para constancia de lo expresado, firman en el lugar y fecha indicados, el señor Presidente y la señora Secretaria Ad-Hoc que certifican. | In witness whereof, the Chairman and the ad hoc Secretary signed this document at the time and place stated above. |
|---|---|

 

---
Xavier Rivera
**Presidente de la Junta / Chairman
of the Meeting**

---
Mariela Anchundia
**Secretaria Ad-Hoc de la Junta / Ad
hoc Secretary of the Meeting**